IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY WOLFINGTON,

    Plaintiff,                   No. 2:12-cv-0242 JFM (PC)

    vs.

OLDEN, et al.,                    <u>ORDER AND</u>

    Defendants.             <u>ORDER TO SHOW CAUSE</u>

        Plaintiff is a county jail inmate proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  By order filed April 19, 2012, this court found that plaintiff's complaint stated a cognizable claim for relief against seven defendants and directed plaintiff to submit documents necessary for service of process.  On May 1, 2012, plaintiff filed a motion for an extension of time to comply with that order and for court-ordered access to the jail law library, legal supplies, and copies necessary to comply with the April 19, 2012 order.  By order filed May 17, 2012, plaintiff's motion for extension of time was granted and plaintiff's motion for court-ordered law access to the law library, legal supplies, and copies was denied without prejudice.  On June 18, 2012, plaintiff filed a motion for reconsideration of that order, and on August 17, 2012, plaintiff filed a motion for a second sixty day extension of time to comply with the April 19, 2012 order.

1

1 Plaintiff's June 18, 2012 motion and plaintiff's August 17, 2012 motion are
2 predicated on jail officials' refusal to provide him with copies required for compliance with the
3 court's April 19, 2012 order.  That refusal is documented in exhibits that accompany the motions,
4 in which jail officials, in response to administrative grievances filed by plaintiff, represent that
5 "according to county counsel, the jail is under no obligation to assist [him] in pro per privileges
6 for a civil matter."  Ex. A to Motion for Reconsideration, filed June 18, 2012.  Good cause
7 appearing, plaintiff's motion for reconsideration will be granted in part and the court will order
8 the Yolo County Counsel to show cause in writing why jail officials should not be required to
9 provide the necessary copies.  See Lewis v. Casey, 518 U.S. 343 (1996) (prison inmates have a
10 constitutionally protected right to access the courts to bring civil rights actions to challenge their
11 conditions of confinement and to bring challenges to their criminal convictions).  Plaintiff's
12 motion for extension of time will also be granted.

13 On August 17, 2012, plaintiff filed a motion for appointment of counsel.  The
14 United States Supreme Court has ruled that district courts lack authority to require counsel to
15 represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,
16 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance
17 of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
18 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the
19 court does not find the required exceptional circumstances.  Plaintiff's motion for the
20 appointment of counsel will therefore be denied.

21 Finally, on August 17, 2012, plaintiff filed a document styled "Motion to Submit
22 Declarations."  Plaintiff represents that he will be submitting declarations from four individuals.
23 Plaintiff is informed that evidence should not be tendered in this action until his claims are
24 placed in issue by a motion for summary judgment or trial of this matter.  Plaintiff's motion to
25 submit declarations will be denied without prejudice.

26 In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 18, 2012 motion for reconsideration is granted;

2. Plaintiff's August 17, 2012 motion for the appointment of counsel is denied;

3. Plaintiff's August 17, 2012 motion to submit declarations is denied without prejudice;

4. Plaintiff's August 17, 2012 motion for a sixty day extension of time is granted;

5. Plaintiff is granted sixty days from the date of this order in which to comply with the court's April 19, 2012 order;

6. Within fifteen days from the date of this order, Yolo County Counsel shall show cause in writing why jail officials should not be required to provide to plaintiff copies necessary for compliance with this court's April 19, 2012 order; and

7. The Clerk of the Court is directed to serve a copy of this order by certified mail on County Counsel Robyn Truitt Drivon, 625 Court Street Rm. 201, Woodland, CA 95695.

DATED: August 30, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
wolf0242.o